## WILBUR *vs.* BROWN.

In an action on the case for diverting water, the right of the plaintiff must be accurately stated in the declaration; and where it was averred that the plaintiff was entitled to all the water which should rise above a certain mark in a dam, and the evidence showed that he was only entitled to the part of such water which should remain after a prior use thereof by the defendant, *held* a fatal variance.

Where tenants in common of a water course and dam and of several mills depending for water upon such dam, made partition, by which some of the mills were apportioned to each; and each of the parties covenanted with the other to keep in repair distinct and separate portions of the dam, *held* that *case* for not repairing would not lie by one of them against the grantee of the other, and that covenant was the proper remedy.

ERROR to the Otsego C. P. L. Brown, in 1841, sued Wilbur in the court below, in a special action on the case for unlawfully interfering with and depriving him of his right to the use of certain water to which he was entitled, to propel a saw mill and oil mill owned by him. The second count in the declaration set forth that the plaintiff was possessed of the saw mill and oil mill, situated near to a certain stream or water course there, and also to so much of the water of said stream and of the dam thereof, "as might or could or should rise above the bottom of the sill of said dam," and alleged that the water which would have risen above that mark would have been abundant for the plaintiff's purposes; but that the defendant had diverted the water from the pond, by means of flumes and sluices and by opening gates so as to cut off the plaintiff's supply of water. The third count set forth the right of the plaintiff to a supply of water from a dam across a stream or water course for the carrying on of his works, and that the defendant was possessed of a large portion, to wit, nine-tenths of the dam, and to four acres of land on the banks and sides of the stream, *by reason whereof,* it was alleged that the defendant ought to have kept in repair that portion of the dam possessed by him. It then alleged the neglect of the defendant to repair, by means of which the water escaped, and the plaintiff failed to obtain a supply for

carrying on his works. The other counts are not material to be stated.

From the testimony on the trial it appeared, that prior to the first day of January, 1828, the plaintiff and one S. W. Brown were seized in fee as tenants in common of about thirteen acres of land in the town of Plainfield, Otsego county, through which a stream of water flowed, across which stream there was a dam from which water was supplied to drive a grist mill, oil mill, saw mill, clothing works and carding works, which mills and works were owned in common by the parties, except an undivided half of the carding works, which belonged to other parties. On that day the two tenants in common made partition by a deed *inter partes*, containing mutual releases for vesting in severalty the portions assigned to each. The grist mill, clothing works, and the undivided half of the carding works, with a portion of the land, were released by the plaintiff to S. W. Brown ; and the latter released another portion of the land, together with the saw mill and oil mill, to the plaintiff. In apportioning the rights of the respective parties in the water, the deed declared that the plaintiff should "from henceforth have, hold, possess and enjoy," in severalty, " so much of the water to the use and operation of the said saw mill and the said oil mill which may or shall or does hereafter rise above the bottom of so much of the timber or plate as now remains upon the dam, now and at all times hereafter, *excepting therefrom* so much as shall be necessary for the operation of the said grist mill and the said clothier's and carding works;" and that S. W. Brown should from thenceforth " have, hold, possess, and enjoy so much of the waters to the use and operation of the said grist mill, and the said clothing and carding works, which may or shall or does hereafter rise above the bottom of so much of the timber or plate as now remains upon the dam as shall be necessary for the operation of the same as aforesaid ; and also the said S. W. Brown shall from henceforth have, hold, possess and enjoy as aforesaid, to the use and operation of the said grist mill and the said clothing works, and the said carding works, all waters *below* the bottom of so much of the timber or

plate as now remains upon the dam *exclusively.*" The parties severally released to each other the said water rights respec tively. S. W. Brown covenanted at all times to keep in repaii twenty feet upon the north end of the dam, and also the flumes attached and belonging to the works released to him, and the plaintiff was to keep the remaining part of the dam in repair. S. W. Brown, on the 29th day of December, 1835, conveyed all his right and interest in the premises to the defendant, who thereupon went into possession. Much evidence was given to show that the defendant, after he became possessed of the premises, had deprived the plaintiff of his just rights to the use of the water, by diverting it to his own works and otherwise wasting it, and by neglecting to make the necessary repairs upon his portion of the dam and flumes. When the plaintiff had rested, the defendant moved for a nonsuit, on account of an alleged variance between the declaration and the proof, but the court denied the motion, and the defendant excepted. Evidence was given on the part of the defendant, and the court charged the jury, who found a verdict for the plaintiff, upon which the court rendered judgment, and the defendant brought error.

*J. Ruger,* for the plaintiff in error. 1. There was a manifest variance as to the plaintiff's right in the subject matter of the suit between the declaration and the proof. By the declaration the plaintiff was entitled to the use of all the water which should rise above the mark indicated; whereas, by the partition deed, the defendant was entitled to the exclusive right to the water below that mark, and to the first use of it when it came above it. This was fatal, and the plaintiff ought to have been non-suited. (1 *Saund. Pl. & Ev.* 3d *Am. ed.* 138, 139, 339; 2 *id.* 918, 919, 924; 4 *Camp.* 190; 8 *East,* 4; 1 *Phil. Ev.* 4th *Am. ed.* 210; 1 *Chitty's Pl.* 7th *Am. ed.* 414 *et seq.* ; 2 *H. Bl.* 264.) 2. Case was not the proper remedy for the breach of the covenant to repair.

*F. Kernan,* for the defendant in error.

Wilbur *v.* Brown.

*By the Court,* JEWETT, J. Was there a material variance between the declaration and the evidence, on account of which the court below should have nonsuited the plaintiff on the trial? In the second count, which conforms more nearly to the evidence than the others, the plaintiff claims a right to so much of the waters of the stream and of the dam as might rise above the bottom of the sill of said dam.

By the manifest construction of the partition deed the plaintiff acquired the right or property in the *surplus* of the waters of the stream which should from time to time rise above the bottom of the plate then on the dam, *remaining after a full supply* for the operation of the grist mill, clothing works, and carding works conveyed to S. W. Brown. The right and property exclusively in all the waters below the bottom of the plate, and in so much as should from time to time rise above the bottom of the plate as should be necessary for the operation of the grist mill, clothing works, and carding works belonged to S. W. Brown, whose rights, estate, and interest the defendant subsequently acquired.

It is certain then that the plaintiff has misstated the extent of his interest in the water, which he claims has been wrongfully withheld from him. The evidence established the fact, without controversy, that the plaintiff neither owned or possessed such an interest in the water as is set out in either count of the declaration. His right or interest in the water was qualified, contingent, and subject to certain prior rights of the defendant; but a verdict under the ruling of the court below has been found, and judgment has been accordingly rendered for the plaintiff, which, while unreversed, establishes the plaintiff's right to the water in question to the extent claimed by his declaration.

It is a general rule in pleading, that whatever facts are necessary to constitute the cause of action, must be directly and distinctly stated in the declaration—and no party in any court, can properly recover, unless upon and according to his allegations and proofs. The plaintiff, therefore, in this case should have alleged in his declaration, a right to the surplus water of the stream and pond after satisfying the prior right, and should have

stated as the ground of his complaint, that such surplus existed, or would have existed but for the wrongful acts complained of; and that he had been deprived of the use of such surplus water by such acts of the defendant. If such allegations had been made and proved, the plaintiff might have been entitled to a verdict. The present declaration is framed to meet a different case from that made out by the evidence. The gravamen of the complaint, as alleged in this declaration, is not that there was or would have been such surplus water created, but for the wrongful acts of the defendant, the use of which he was entitled to, and of which he had been deprived by the acts of the defendant; but the ground alleged is, that the plaintiff was in fact entitled to the use of all the water from the bottom of the sill of the dam flowing in the stream, of which he had been deprived by the wrongful acts or omissions of the defendant. The mere using or diverting by the defendant of so much of the water in the stream and pond, as would be sufficient to operate the defendant's works, would not of itself give any right of action to the plaintiff. For in that quantity, the plaintiff had no right or property upon any ground, disclosed by the evidence. It was owned by the defendant, who had a legal right to use or dispose of it in such a way as he deemed proper. The plaintiff's right was subsequent and subject to the defendant's prior use. The plaintiff could only recover upon proving the case stated in his declaration. ( *Williams* v. *Morland,* 2 *Barn. & Cress.* 910; *Bigelow* v. *Battle,* 15 *Mass. R.* 313; *Sumner* v. *Tileston,* 7 *Pick. R.* 198; *Fentiman* v. *Smith,* 4 *East,* 107.)

It is of the utmost consequence to the defendant that the plaintiff should, in this action, be held strictly to the rule allowing a party to recover, only, according to his allegations and proofs, so far as regards the statement of his title to the thing in dispute, as such title is directly at issue. The verdict and judgment being conclusive, would stand in the defendant's way, from interposing upon any other occasion any right more extended than such as is stated in the pleadings and found by the verdict. The recovery operates as an estoppel against the defendant, his heirs and assigns, from ever again setting up that

Wilbur v. Brown.

he had any greater right. In this case, if the judgment is not reversed, as far as I can see it will effectually transfer the defendant's valuable property in the use of the water in question, to the plaintiff, to which he has not in truth a particle of right. (*Gardner* v. *Buckbee,* 3 *Cowen,* 120; *Platner* v. *Best,* 11 *John. R.* 530; *Burt* v. *Sternburgh,* 4 *Cowen,* 559; *Wright* v. *Butler,* 6 *Wend.* 284; *Kilheffer* v *Herr,* 17 *Serg. & Rawle,* 319.)

But it is contended, that in actions of tort it is enough to prove the same ground of action laid in the declaration, although not to the extent there stated; and that having proved the same right in part, the plaintiff is entitled to damages *pro tanto.* This is true in many actions, such as trover, trespass *de bonis asportatis,* and the like. The plaintiff in these actions may declare for several articles of property, and on proof of one may recover damages for that one. The reason given is, that the declaration is certain enough, when damages only are to be recovered, and not the thing itself; and therefore it is said, in torts if the plaintiff prove any part of his case it is sufficient. (1 *Saund.* 74, *b. n.* 1.) So when the right alleged is merely inducement to the action, as in *Ricketts* v. *Salwey,* (2 *Barn. & Ald.* 360.) The declaration in that case stated that the plaintiff was possessed of land *and* a messuage, and that he ought in respect of them to have a right of common. The proof shewed that the plaintiff was possessed of the land, but not of the messuage. It was held that there was no variance, but that the same allegation was proved in part, which was sufficient. The same principle was recognized in *Twiss* v. *Baldwin,* (9 *Conn. R.* 291.) In these cases the supposed fault in the declaration consisted in misstating the ground of the plaintiff's title to the subject of the suit, and not in misdescribing the thing claimed. Where, as in *Ricketts* v. *Salwey,* two grounds are stated, either of which would be sufficient, and the plaintiff fail to prove that he possessed both, he may still recover. The allegation of possession as to both is divisible, and the part not proved may be rejected. (1 *Chitty's Pl.* 372.) It is a general rule in pleading that no allegation descriptive of the identity of that which is legally essential to the claim or charge, can ever be rejected, as it

would tend to mislead the parties. (*Drewry* v. *Twiss*, 4 *Term. Rep.* 559.) And I think that the allegation, as to the use of the water, which the plaintiff claimed he owned and had been deprived of by the wrongful acts of the defendant, was descriptive of the identity of that which was legally essential to his claim in this suit, and was necessary to be proved as alleged.

My conclusion is, that there was a material variance between the declaration and proof in the particulars mentioned, for which the plaintiff should have been nonsuited.

The third count states the injury sustained by the plaintiff to have resulted from the neglect of the defendant to repair and keep in good and suitable condition certain portions of the dam across the stream, and the flumes attached, by reason of which the plaintiff was deprived of the waters of the stream as therein set forth. It is objected that this action for such neglect will not lie; that the action should have been upon the covenant of S. W. Brown contained in the partition deed, which run with the land. The rule is this—"When the action is maintainable for the tort simply, without reference to any contract made between the parties, no objection can be raised on the ground that the plaintiff should have declared upon the contract; as, for instance, in actions against common carriers founded on the custom of the realm and the like. But when the action is not maintainable without referring to a contract between the parties, and laying a previous ground for it by showing such contract, then the plaintiff must proceed upon the contract, and a special action on the case will not lie." (*Masters v. Stratton*, 7 *Hill*, 101.)

Aside of the effect of the partition deed, the dam and premises were owned by the plaintiff and the defendant's grantee, as tenants in common, and neither as against the other could have sustained this action; for any neglect in repairing. By this deed they partitioned the premises and dam, and covenanted with each other to keep their respective portions of the dam in repair. These covenants run with the land and are binding upon the covenantors and their grantees of the premises. I think that this presents a case within the rule referred to, and that no action is maintainable for the cause specified in the third count,

except upon the covenants, and that the party injured by the neglect or refusal of the other to repair, must resort to the action of covenant for redress.

Judgment reversed.