## AMOS WIER *vs.* ELIJAH COVELL.

The plaintiff owned a mill and water privilege, subject to a right in the defendant to take from the flume all the water necessary for his mill below. In an action brought against the defendant for the diversion of the water, by taking more than he was entitled to, the plaintiff alleged in his declaration that he had a right to *a flow of the water in great abundance and plenty to his mill*. Held, that this was not to be taken as descriptive of his right, and that therefore proof of the limited right which he held was not variant from the allegations of his declaration.

Held also, that the taking by the defendant of more water than was necessary for his mill, was a *diversion* of the water of the plaintiff.

Held also, that, under the allegation that the defendant had diverted the water and prevented it from flowing to the plaintiff's mill, the plaintiff might show that the trough by which the defendant conveyed the water from the flume to his mill was leaky, in consequence of which much water was wasted, and that his water wheel was out of repair and required more water to move it than if it was in a proper condition.

ACTION on the case for the diversion of water. The declaration alleged that the plaintiff, on the 17th day of October, 1851, was, and ever since had been, lawfully seized and possessed of a certain saw-mill, situated in the town of Glastenbury, near to a certain stream or water course there, and which said stream or water course, before and at the time of committing the grievances mentioned, had been accustomed to run and flow, and of right had run and flowed, and still of right ought to run and flow, in great abundance and plenty unto the said saw-mill of the plaintiff, for the supplying of the same with necessary water for the working thereof; yet that the defendant, well knowing the premises, on the 18th day of October, 1851, and on divers other days and times between that day and the commencement of the suit, wrongfully and unjustly diverted and turned large quantities of the water of said stream out of the same, and away from said mill, and hindered and prevented the water of the said stream from flowing along its usual course to said mill of the plaintiff, and from supplying the same with water for the necessary working thereof, as the same ought to have done and otherwise would have done; and that by reason thereof, the water of said stream, sufficient for the supplying of the said mill during that time, could not and did not flow to the same as the same ought to have done and otherwise would have done; and that the plaintiff, for want of such sufficient water, could not during that time use his said mill in so large, extensive and beneficial a manner as he ought to have done, and otherwise would have done, but was thereby, during all that time, deprived of the use and enjoyment of said mill, and of all profit which he otherwise might and would have made by the use of the same; to the damage of the plaintiff, &c.

The defendant pleaded the general issue, which was closed to the court. On the trial the plaintiff, for the purpose of proving his right to the use of the water, offered in evidence a deed from the defendant to himself, dated the 17th day of October, 1851, by which the defendant conveyed to him the saw-mill and water privilege described in the declaration, but which contained the following reservation:—" Reserving to

myself, my heirs and assigns forever, the use of the water necessary and sufficient to run my carding machines, situated a little below said saw-mill." The defendant objected to the admission of the deed, as proving a different right to the use of the water from that which the plaintiff had alleged; but the court admitted it.

It appeared that the plaintiff's saw-mill was situated upon the west end of a mill pond into which the stream ran at the east end, the water escaping from the pond, when not discharged through the plaintiff's flume, at a point about half way between the saw-mill and the east end of the pond; also that the defendant's carding mill was situated a few rods below the plaintiff's saw-mill, and was supplied with water from the flume of the plaintiff's mill, by wooden troughs which conducted it to the defendant's mill, and that at certain seasons of the year there was not water enough for both mills. The plaintiff, to prove the diversion of the water by the defendant, offered evidence to prove that the trough of the defendant was old and leaky, and that much water was in consequence wasted; and that the defendant's water wheel was out of repair, and required in consequence more water to move it than if it had been in a proper condition. The defendant objected to this evidence, as not admissible in itself for the purpose for which it was offered, and because there were no allegations in the declaration with regard to the condition of the wheel and trough; but the court admitted it.

The court having rendered judgment for the plaintiff, the defendant moved for a new trial.

*F. Parsons*, in support of the motion.

1. The deed was not admissible because it proved a different right from that alleged. The plaintiff alleges a right to have the water flow at all times in great abundance and plenty to his mill. The proof was of a right to the water left after the defendant had taken from the flume all the water necessary for his carding mill below. An absolute and unqualified right is alleged, and a limited right proved. If there is only water enough for the defendant's use, the plaintiff has no right

to any water at all. The case of *Wilbur* v. *Brown*, 3 Denio, 356, is precisely like the present, and the proof was there held inadmissible. 3 Stark. Ev., 1548, 1551. *Rex* v. *Marquis of Buckingham*, 4 Camp., 189. *Fenteman* v. *Smith*, 4 East, 107. *Griffiths* v. *Marson*, 6 Price, 1. *Fitzsimons* v. *Inglis*, 5 Taunt., 534. *Ashley* v. *Wolcott*, 11 Cush., 192. The proof was also variant as to the location of the plaintiff's mill, it being located on the mill pond and not on the stream.

2. The evidence offered to prove a diversion was inadmissible. The facts do not constitute a diversion, but merely a waste of the water after it had been drawn from the flume. The evidence was also inadmissible as variant from the allegation, which was that the water was "hindered from flowing to the plaintiff's mill." The action should have been for the wasting of the surplus water by the defendant, after satisfying his prior right, not for a diversion of it.

3. The evidence as to the condition of the defendant's trough and wheel was inadmissible, because there was no allegation in the declaration on the subject. The mere allegation that the defendant had diverted the water, is not sufficient to warrant the proof of such facts as these.

*C. Chapman*, contra.

1. The allegation as to the plaintiff's right to the water is merely a general allegation on the subject, and not a description of his right, and therefore it is not necessary that the proof should agree precisely with the allegation. If it is necessary, yet the proof substantially supports the allegation. *Twiss* v. *Baldwin*, 9 Conn., 291. There was clearly no variance as to the description of the location of the saw-mill, as it is only alleged to be situated near the stream.

2. The wasting of the water by the defendant was clearly a diversion of it from the plaintiff's saw-mill. The defendant had no right to draw from the flume any more than was necessary for his mill. Whatever was not required for this purpose belonged to the plaintiff, and if not drawn off by the defendant would have passed over the wheel of the plaintiff's mill. Of course, whatever the defendant took beyond what he had a

Wier v. Covell.

right to take, was diverted from the plaintiff's mill and pre-
vented from flowing to it. It made no difference to us what
the defendant did with the water after he had taken it from
the flume. The injury to us did not consist in his wasting it
after he had taken it, but in his taking it when he had no right
to it.

3. The evidence as to the defective condition of the defend-
ant's trough and water wheel was admissible. It showed that
the defendant allowed a large quantity of water to be wasted
after he had drawn it from the flume, and this was decisive evi-
dence that he was taking more than was necessary for his
mill.

HINMAN, J. The defendant claims a new trial, on the
ground that the evidence received by the court in support of
the declaration did not support it, but was so variant from the
allegations required to be proved by the plaintiff that it should
have been rejected. The allegations are that the plaintiff was
possessed of a saw-mill near to a stream of water, and had a
right to have the water flow in great abundance and plenty
unto the said mill, for the purpose of supplying the same with
water for the working thereof; but the defendant well know-
ing, &c., diverted and turned large quantities of water out of
said stream, and away from said mill, and hindered, &c.

The plaintiff's title was under a deed from the defendant,
which did not give him the exclusive right to all the water of
the stream, but reserved to the defendant and his heirs suffi-
cient water to run his carding-machine, situated below the
saw-mill, and also sufficient water to run a shingle machine for
eighteen months; and the claim is that, as the deed gave only
a limited and qualified right to the use of the water, it does
not support the declaration, which, it is said, counts upon an
absolute and unqualified right. If the plaintiff had underta-
ken to set out his title with precision and accuracy, it might
very plausibly be claimed that he was bound to prove it as
laid, on the ground that he had made it descriptive of that
which was legally essential to his right of recovery; as is the
case in trespass to land, where, if a plaintiff unnecessarily de-

scribes the premises with particularity, he must prove the description as laid, in order to show that the trespass was committed upon the identical land claimed in the declaration. But the case of *Twiss* v. *Baldwin*, 9 Conn., 291, decides, as we think in conformity to well established principles, that in cases of this sort there is no more necessity for a plaintiff specifically to set out his title, than there is in trespass to set out the boundaries of his land. He may, in both cases, rely upon a naked possession, sufficient against every body who can not show a better right, under such general description of the property injured or the right disturbed, as will enable him to apply his evidence to it, without being obnoxious to the objection that it relates to different property or a different right than that claimed in the declaration. The case then is resolved into the mere question whether, in this declaration, the plaintiff's specific right to the water is attempted to be described ; and we are clearly of opinion that it is not. There is nothing in it which can fairly be considered as descriptive of the right claimed, as was the case in *Twiss* v. *Baldwin*. In that case the plaintiff did allege that he had the right to use and enjoy the water in a convenient and customary manner, according to the natural and usual flow of the stream, without hindrance. Yet the court held that this was not descriptive of his right, and that he could recover damages for the disturbance of the lesser right which he was enabled to prove belonged to him. Here the plaintiff had a clear right to have all the water, except such as was required for the carding machine, flow to his mill. His deed gives him that. In the declaration he calls it an abundance and plenty for the supply of his saw-mill. These are terms as indefinite as any that could well be chosen. And inasmuch as the proof went to establish a right in the plaintiff such as he had declared upon, though perhaps not so extensive or general as he claimed, yet as in the case referred to of the same nature, we think the evidence was properly received in support of it.

We were referred to the case of *Wilbur* v. *Brown*, 3 Denio, 356, as establishing the doctrine contended for by the defendant ; and it is not to be denied that that case does, to some

extent, seem to support his positions.   It is enough to say of
it, however, that if it conflicts with the authority of a late
well considered case of our own court, the decision here must
control.   If there is any such conflict in the cases, it is only in
respect to the circumstance that the New York case treats
certain allegations as descriptive of the identity of a material
or essential part of the plaintiff's claim, which were not so con-
sidered by our own court.   But there was much ground for
considering the allegations in that case as descriptive, which
did not exist in the case of *Twiss* v. *Baldwin*.   The plaintiff
in the former case did attempt to describe his · right.   He
alleged that he was entitled to so much of the water " as
might or could or should rise above the bottom of the sill of
said dam."   This the court thought descriptive of his right,
and as he had misdescribed it he failed.   We think, therefore,
that the case may fairly be distinguished from our own, as well
as from the case under consideration.   But whether distin-
guishable or not, we are of course bound by the decision of
our own court.

The defendant makes it a point in the case, that the plain-
tiff's mill is not upon or near the stream, the waters of which
operate it, because it is upon one end of the pond which is fed
by the stream ; and that, as the defendant takes his water to
supply his carding machine from the same flume which sup-
plies the plaintiff's mill, and after it passes the saw-mill in its
course to the flume, it is not hindered or diverted from the
saw-mill.   It can not, we think, be necessary to comment upon
these claims, the answer to which appears from the statement
of them.   If the water is diverted from the saw-mill flume,
it is quite evident that the plaintiff is deprived of any benefi-
cial use of it.

We do not therefore, on any of the grounds insisted upon,
advise a new trial.

In this opinion the other judges concurred; except SAN-
FORD, J., who did not sit in the case.

New trial not advised.