FRANCIS McDERMOTT AND CHARLES McDERMOTT v. THE MORRIS CANAL AND BANKING COMPANY.

1. When a count in a declaration sets forth a cause of action arising out of a contract, and maintainable only by referring to the contract as creating the right for violation of which the plaintiff complains, a recovery can be had only in an action on contract, and not in action for tort.

2. Such a count cannot be joined with counts in tort.

In case. On demurrer to declaration.

The first and second counts in the declaration demurred to, were in tort, for the unlawful obstruction by the defendants of water accustomed to flow to the mill of the plaintiffs. The third count was as follows :

"And whereas also, before and at the time of the construction of said Morris canal, and before the entry upon by said

canal and the occupying and using of the bed, and interlocking with and using the waters of the said Lopatcong creek by said canal, as aforesaid, and for the purposes of said canal, and in consideration of said defendants being so allowed to enter upon and occupy and use the bed, and interlock with and use the waters of the said Lopatcong creek with their said canal, and for the purpose of said canal, it was expressly understood and agreed by and between the said defendants and the then owners and possessors of the said grist or flouring mill and premises of plaintiffs, their heirs and assigns, that they, the said defendants, should maintain and keep, at all times, in said canal, at and along and above said mill, a sufficient depth of water, to wit, five feet, so that sufficient water might and should run and flow from said canal through a certain gate or sluice-way unto, into, and along a certain channel or race-way unto said mill of plaintiffs, for the purpose of supplying the same with water for the running and working thereof, and that for the purpose of supplying said water to said mill during certain seasons of the year, when the said canal was not in operation and use, and when the banks thereof were not filled with water for the purpose of using and navigating said canal, the said defendants were to erect, keep and maintain a dam and stop-gate across said canal, at or near said mill and premises, and near said gate or sluice-way, and the entrance to said channel or race-way from said canal to said mill, for the purpose of diverting and turning the said water then through said gate or sluice-way, unto, into and along said channel or race-way, unto said mill of plaintiffs, for the purpose of supplying the same with water for the working thereof, and in pursuance of said understanding and agreement, said defendants did erect and construct a dam and stop-gate across said canal, at said point, and for the purposes aforesaid, and for a long time prior to the committing of the grievances by the said defendants hereafter complained of, did and of right ought to keep and maintain, across said canal, at said point, a dam and stop-gate, at said seasons of the year when the said canal is not in

use and operation, and when the banks thereof were not filled with water for the using and operating of said canal, for the purpose of diverting and turning said water through said gate or sluice-way, unto, into and along said channel or race-way, unto said mill of plaintiffs, for the purpose of supplying the same with water, for the working thereof; and before and until the time of committing of the grievances by said defendants, hereafter complained of, and while the said canal was not in use and operation, and while the banks thereof were not filled with water for the using and operating of said canal, the said defendants had maintained and kept a dam and stop-gate in and across said canal, at said point, and for the purpose of diverting and turning said water through said gate or sluice-way, unto, into and along said channel or race-way, unto said mill of plaintiffs, for the purpose of supplying the same with water, for the working thereof, &c."

Argued at February Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE and KNAPP.

For the plaintiffs, *Fitch.*

For the defendants, *Thos. N. McCarter.*

The opinion of the court was delivered by

KNAPP, J. To the declaration filed in this cause, the defendants interpose a general demurrer. The first and second counts in the declaration are in tort, and set forth a cause of action in form and substance essentially the same. They charge that the plaintiffs, being the owners of a mill near to a certain stream in the county of Warren, were entitled to have, and for a long time had a portion of the water from said stream flow through a certain flood-gate or sluice-way, to the plaintiffs' mill, for running it, and that the defendants unlawfully pulled down a stop-gate placed in the stream for the purpose of turning the water to the mill, and by removing

the gate, diverted the water from the mill, and so diminished its flow that the plaintiffs could not run their mill, and were thereby damnified. Counts in a declaration nearly identical with these were approved in the *Court of Queen's Bench*, in *Beeston* v. *Weate*, 5 *Ellis & Black*. 986. So far as the first and second counts of the declaration are concerned, there is no objection ; the fault is in joining with them the third count. The third count substantially charges that defendants had agreed with plaintiffs' grantors, their heirs and assigns, that they, the defendants, should keep a dam or stop-gate across their canal, for the purpose of turning the water from the canal, through the gate and sluice-way, to plaintiffs' mill. And that in pursuance of said agreement, the defendants had constructed a dam and stop-gate, accordingly, and afterwards had wrongfully pulled down the dam, by means of which the water had been drawn away from plaintiffs' mill. This count presents a cause of action, to maintain which, a contract of the defendants must be referred to as creating the right, for the violation of which, plaintiffs complain ; in such cases, the rule is that the action must be on the contract, and not on the tort. *Cabell* v. *Vaughan*, 1 *Saund. R.*, 2d ed., 291, *note c.; Masters* v. *Stratton*, 7 *Hill* 101 ; *Wilber* v. *Brown*, 3 *Denio* 356.

In *Masters* v. *Stratton*, Chief Justice Nelson, in delivering the opinion of the court, says, the general result of all the decisions is well stated in the note to *Cabell* v. *Vaughan*, and is in substance this : " Where the action is maintainable for the tort merely, without reference to any contract made between the parties, no objection can be raised on the ground that the plaintiff should have declared upon the contract ; but when the action is not maintainable without referring to a contract between the parties, and laying a previous ground for it by such contract, then the plaintiff must proceed upon the contract, and a special action on the case will not lie."

For this manifest misjoinder of causes of action, there should be judgment for demurrants.