FRANK BOLTON v. THE MANISTEE & GRAND RAPIDS
RAILROAD COMPANY.

*Pleading—Variance.*

Where, in a suit for obstructing a private way, there is a variance
between the allegations in the declaration, descriptive of the
way alleged to have been obstructed, and the evidence of the
plaintiff as to the way actually used by him, a verdict should
be directed for the defendant.[1]

Error to Manistee. (Judkins, J.)   Argued January 19,
1893.  Decided April 7, 1893.

Case.   Defendant brings error.   Reversed.   The facts are
stated in the opinion.

*Ramsdell, Benedict & Hilliker,* for appellant.

*F. E. Withey,* for plaintiff.

HOOKER, C. J.   Plaintiff brought an action of case
against defendant for obstructing a private way.   The
declaration alleged the purchase of 10 acres of land on
August 18, 1873, and *"* a right of way along the south line
and across" the adjoining ten acres to a highway, and con-
tinuous ownership and possession of said way until the
same was destroyed by the defendant.   Said declaration
further alleged that defendant willfully and wrongfully
constructed a railroad across and upon said right of way,
and in such construction—

"Utterly destroyed said right of way; that at the south-
east corner of said ten acres, across which said right of
way extended, said defendant made an excavation 'of, to
wit, eighty feet in depth, thereby making it utterly

---

[1] See *Varden v. Ritchie,* 86 Mich. 197.

impossible for said plaintiff to ever use said right of way again; that said defendant also, at, to wit, the time aforesaid, made an excavation on the east line of said land directly across the right of way which the plaintiff had been using for, to wit, seventeen years, aforesaid, and which said right of way belonged to, and was owned by, the plaintiff, which excavation is, to wit, thirty feet in depth, and, to wit, fifty feet in width, and which has such abrupt banks on either side thereof as to make the said right of way utterly impassable; * * * that by reason of the construction of said railroad, and making the excavations aforesaid, said right of way has been utterly destroyed, and is become useless to said plaintiff," etc.

To prove his cause of action plaintiff introduced a deed dated August 18, 1873, conveying to him the 10 acres aforesaid. It further conveyed "the right of way along the south line of the south-east quarter of the north-east quarter of the south-east quarter" of the same section. He further proved that he had never used a right of way for the whole distance along said line; that it was impracticable; and that by agreement with his grantor he had used another route, commencing at the south-west corner, and running along said south line for a short distance, and then north-easterly across said 10 acres, along an old road.

This was a fatal variance. Not only was the way described as being along the south line, but one of the excavations complained of was located at the south-east corner of the parcel, which excavation is alleged to have made it impossible for plaintiff to use the "right of way." It could not be required to meet another charge for destroying a different way, which crossed its line 25 or 30 rods north of the south-east corner, as appears from the diagram admitted in evidence upon the trial. *Wilbur v. Brown,* 3 Denio, 356; *Batterson v. Railway Co.,* 49 Mich. 185; *Fish v. Barbour,* 43 Id. 19.

The jury should have been directed to find a verdict for defendant.

The judgment will be reversed, with costs, and a new trial ordered.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.